**STATE of Utah, Plaintiff and Appellant,**

v.

**Leon CRUZ, Defendant and Appellee.**

**No. 910618–CA.**

Court of Appeals of Utah.

Sept. 4, 1992.

Rehearing Denied Oct. 27, 1992.

R. Paul Van Dam, Atty. Gen., and J. Kevin Murphy, Asst. Atty. Gen. (argued), Salt Lake City, for plaintiff and appellant.

Stephen A. Laker, Public Defender Ass'n (argued), Ogden, for defendant and appellee.

Before GARFF, ORME and RUSSON, JJ.

## OPINION

GARFF, Judge:

The State of Utah appeals from a final judgment of dismissal wherein the trial court, having previously suppressed evidence supporting the charges against appellee Leon Cruz, dismissed the charges. We reverse.

## FACTS

We draw the facts from the court's memorandum decision supporting its order to suppress:

On April 18, 1991, Detectives Vaughn and Ashment were driving up 26th Street in Ogden when they noticed a vehicle pulling away from a curb into traffic in a very rapid fashion. The vehicle accelerated to about sixty miles per hour in a residential area.

As the officers followed the vehicle, they recognized it as belonging to a juvenile who had a reputation for involvement in criminal activities. They also noticed that the license plate was obscured by mud while the rest of the car was clean. The officers could not confirm the identity of the driver because the back window was obscured by louvers.

After the vehicle had stopped at a stop sign, the officers activated their lights and pulled the vehicle over. The driver and Cruz immediately jumped out of the car. Detective Ashment ordered them back into the car. Both hesitated and then the driver, who turned out not to be the suspected juvenile, fled on foot. After Detective Ash-

ment again ordered Cruz to get into the vehicle, he did so.

The detectives approached the car and, having now secured the area, ordered Cruz and the remaining passenger to step out of the vehicle.

Detective Vaughn conducted a pat down search of Cruz. She testified that there was no indication during this search that Cruz possessed anything that would present a safety hazard. She asked Cruz if she could put her hand in his pocket. He replied "yeah go ahead." She withdrew a plastic bag containing a substance which she suspected was cocaine.

Cruz was charged with possession of a controlled substance with intent to distribute in violation of Utah Code Ann. § 58–37–8 (1990). He moved to suppress the evidence on a number of bases, including that the pat down search and the officer reaching into his pocket and pulling out the plastic bag were both illegal. A suppression hearing was held August 20, 1991, after which the court took the matter under advisement.

In a memorandum decision issued September 24, 1991, the court found that the vehicle was speeding and that the license plate sticker was obscured. The court then concluded:

> The bottom line and most critical factor in the analysis is the motivation for the stop. Was it the violations of the traffic regulations or the suspicion arising from the operation of the vehicle and the officers knowledge of the person who owned the vehicle. The Court believes after an analysis of the evidence that the latter constituted a substantial motivating factor and that the stop should be characterized as a pretext stop.

On September 30, 1991, during a hearing on "special motion," Cruz moved for dismissal of the charges due to lack of evidence. The court granted the motion and dismissed the case. The court issued a written order to the same effect dated October 19, 1991.

The State appeals from the final order of dismissal pursuant to Utah Code Ann. § 77–18a–1(2)(a) (Supp.1992), claiming the trial court erred in suppressing the evidence.

## PRETEXT STOP

The State claims the court erred in concluding that the stop was an unconstitutional pretext stop.

A pretextual stop occurs when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion necessary to support a stop. The classic example, presented in this case, occurs when an officer stops a driver for a minor traffic violation in order to investigate a hunch that the driver is engaged in illegal drug activity.

*United States v. Guzman,* 864 F.2d 1512, 1515 (10th Cir.1988).

■ The question posed in a pretext stop analysis is whether a reasonable officer, considering the totality of the circumstances, *would* have made the stop. *State v. Lopez,* 831 P.2d 1040, 1044 (Utah App. 1992). However, the "officer's subjective motivation is *not* the relevant inquiry. Were the officer's subjective motivation the key factor, a defendant could use this improper motivation as an excuse to escape the consequences of an otherwise valid and reasonable stop." *Id.* at 1047 (citation omitted). "Whether a traffic stop was an unconstitutional "pretext" stop requires a legal conclusion—thus we review it for correctness." *Id.* at 1044.

■ Here, the fact that the vehicle was recklessly speeding in a residential area was sufficient reason, as a matter of law, for a reasonable officer to pull over the vehicle. Thus, the court was correct to the extent it concluded that there "is no question that the officers had a perfect right to pull the vehicle over for a traffic check."

■ However, the court erred in concluding that the "bottom line and most critical factor in the analysis is the motivation for the stop." As we stated above, the

"officer's subjective motivation is *not* the relevant inquiry." *Id.* at 1047.

 Moreover, speeding at sixty miles an hour in a residential area does not constitute a minor traffic violation. Thus, the pretext stop analysis is irrelevant and inapplicable to the extreme facts of the present case.[1]

We reverse the court's conclusion that the stop was pretextual based on the officers' subjective motivation. We likewise reverse the final order of dismissal and remand to the trial court for further proceedings.

ORME, J., concurs.

RUSSON, Judge (concurring in the result):

I concur in the result of the majority opinion, but write separately to make two points. First, I adhere to the view expressed in my dissent in *State v. Lopez,* 831 P.2d 1040, 1050–56 (Utah App.1992) (Russon, J., concurring in part and dissenting in part), that the pretext analysis of *State v. Sierra,* 754 P.2d 972 (Utah App.

1988), *disavowed on other grounds, State v. Arroyo,* 796 P.2d 684, 689–92 (Utah 1990), should be limited to the narrow group of cases to which pretext analysis properly applies: those in which there is a finding by the trial court that actually no violation occurred or that the stop was admittedly made for reasons other than the traffic violation. *See Lopez,* 831 P.2d at 1054.

Secondly, we need not even reach this issue in the case at bar, since the *Sierra* doctrine, by its own terms, does not apply here because driving at sixty miles per hour in a residential area is not a minor traffic violation. Accordingly, I agree that we must reverse the trial court's conclusion that the stop was pretextual and its order of dismissal, and remand the matter for further proceedings.

---

1. We therefore do not consider the State's request to abandon the pretext stop analysis. A panel of this court previously considered such a request in *State v. Lopez,* 831 P.2d 1040 (Utah App.1992).